# JAMES ARTHUR CALHOUN *v.* STATE OF MARYLAND

[No. 1438, September Term, 1979.]

*Decided September 8, 1980.*

The cause was submitted on briefs to MORTON, MOORE and MASON, JJ.

Submitted by *Thomas J. Saunders, Assistant Public Defender,* and *Alan H. Murrell, Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Michael A. Anselmi, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Joseph A. Dugan, Assistant State's Attorney for Prince George's County,* for appellee.

MOORE, J., delivered the opinion of the Court.

Defendant-appellant, James Arthur Calhoun, pleaded guilty in the Circuit Court for Prince George's County (Blackwell, J.) to two counts of robbery with a deadly weapon and two counts of use of a handgun in the commission of a crime of violence, arising from two separate grocery store robberies in 1978. Pursuant to Md. Ann. Code, art. 27, § 643B (1979 Cum. Supp.), he was sentenced to a total of fifty years without the possibility of parole.[1]

---

1. Section 643B reads:

"§ 643B. Mandatory sentences for crimes of violence.

"(a) *'Crime of violence'.* — As used in this section, the term 'crime of violence' means abduction; arson; kidnapping; manslaughter, except involuntary manslaughter; mayhem; murder; rape; robbery; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder; and assault with intent to rape.

"The term 'correctional institution' includes Patuxent Institution and a local or regional jail or detention center.

"(b) *Mandatory life sentence.* — Any person who has served three separate terms of confinement in a correctional institution as a result of three separate convictions of any crime of violence shall be sentenced, on being convicted a fourth time of a crime of violence, to life imprisonment without the possibility of parole. Regardless of any other law to the contrary, the provisions of this section are mandatory.

"(c) *Third conviction of crime of violence.* — Any person who (1) has been convicted on two separate occasions of a crime of violence

After an appeal was taken by the defendant to this Court, the State noted a cross-appeal as authorized by Md. Cts. & Jud. Proc. Code Ann. § 12-401 (1980), challenging the sentences imposed upon the defendant. The issues before us relate to:

1) The trial court's acceptance of defendant's guilty pleas pursuant to Md. Rule 731;

2) The trial court's refusal to allow defendant to withdraw his guilty pleas;

3) The legality of consecutive sentences for the crimes of robbery with a deadly weapon and the use of a handgun in the commission of a crime of violence, when both crimes arise from the same incident;

4) The applicability of the enhanced sentencing provisions of Md. Code Ann., art. 27, § 643B (1979 Cum. Supp.) to this case; and

5) The legality, under the provisions of Md. Ann. Code, art. 27, § 643B (1979 Cum. Supp.), of the sentences imposed upon defendant.

I

According to the statement of facts in support of the guilty pleas, the defendant, armed with a sawed-off shotgun, robbed a grocery store in Prince George's County of

---

where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11.
"(d) *Compliance with Maryland Rules.* — If the State intends to proceed against a person as a subsequent offender under this section, it shall comply with the procedures set forth in the Maryland Rules for the indictment and trial of a subsequent offender."

Md. Ann. Code, art. 31B, § 11 (1979 Cum. Supp.), referred to in § 643B (c), allows limited parole for those who are confined in the Patuxent Institution.

$1,663.94 on May 17, 1978. Eight days later, armed with two pistols, defendant robbed another grocery store in the county of $4,200.00. During the course of the second robbery one of the guns discharged but no one was injured.

Indictments were handed down on August 16, 1978 and November 15, 1978 charging the defendant in the robberies. Warrants were issued for defendant's arrest. On May 7, 1979 the State requested temporary custody of defendant from the Lorton Reformatory where he was incarcerated for a District of Columbia conviction. Defendant was returned to Maryland, and on June 21, 1979 he confessed to both robberies.

The State filed a notice of mandatory sentencing pursuant to Md. Rule 734 (c) alleging that defendant had prior convictions for crimes of violence and at least one term of confinement in a correctional institution and, therefore, that it would seek the maximum mandatory sentence without the possibility of parole or suspension under Md. Ann. Code, art. 27, § 643B (1979 Cum. Supp.), *supra* n. 1. On August 7, 1979 the defendant withdrew his not guilty plea and pleaded guilty to two counts of robbery with a deadly weapon and two counts of use of a handgun in the commission of a crime of violence.

Prior to sentencing, defendant filed a motion to withdraw his guilty pleas. On October 11, 1979, the court considered and denied the motion. The court then sentenced defendant to twenty years for each of the robberies and five years for each of the handgun offenses; the sentences were all to run consecutively for a total of fifty years. In an amended commitment record it was recited that the sentences had been imposed under § 643B (c) and, therefore, were without possibility of suspension or parole. The sentences were made concurrent with a fifteen year to life sentence the defendant was serving in the District of Columbia.

## II

In the first of a two-pronged attack on his guilty plea, the defendant asserts that the trial court did not comply with

Md. Rule 731 because the record does not show that his pleas were "fully voluntary where the questioning only concerned promises or threats made in order to obtain his guilty plea."

The record of the August 7, 1979 proceedings, in which the pleas were entered, discloses that defendant, in a lengthy colloquy with the court, acknowledged that he was pleading guilty because he was, in fact, guilty; that no promises or threats had been made as an inducement for the pleas; that he could not be required or forced to plead guilty; and that he was voluntarily entering his pleas of guilty. The defendant also related that his education included two years of college and that he understood the nature and consequences of his pleas. Nothing in the record remotely suggests that the guilty pleas were anything but intelligently and voluntarily entered in accordance with Md. Rule 731. *Davis v. State,* 278 Md. 103, 118, 361 A.2d 113, 121 (1976); *McCall v. State,* 9 Md. App. 191, 195, 263 A.2d 19, 23 (1970).

### III

Defendant cites *Fontana v. State,* 42 Md. App. 203, 399 A.2d 950 (1979), in support of his contention that the trial court erred by denying his motion to withdraw his guilty pleas. In *Fontana,* we held that "the right to withdraw a guilty plea is a discretionary matter which will not be overturned unless abused." *Id.* at 205, 399 A.2d at 951. The Rules permit the court to allow the withdrawal of the plea "when justice requires." Md. Rule 731 (f) (1).

At the hearing on defendant's motion, he testified that "[b]rutality and inhumane conditions at the Prince George's County Jail" had prompted him to enter his pleas of guilty. The court found "no real evidence" to support defendant's assertion. Upon our review of the record, we conclude that the court did not abuse its discretion in denying the motion.

### IV

Defendant's next contention, that it is improper "to enhance punishment twice because of the single factor of use

of a weapon," need not long detain us. He recognizes in his brief that the issue was pending before the Court of Appeals. In the interim the Court has spoken. *Whack v. State,* 288 Md. 137, 416 A.2d 265 (1980). There the Court said:

> "The Legislature's concern about the use of a weapon to intimidate a robbery victim, and its additional concern when that weapon is a handgun, is certainly not unreasonable. When it expressly shows an intent to punish, under two separate statutory provisions, conduct involving those aggravating factors, the Fifth Amendment's double jeopardy prohibition has not heretofore been regarded as a bar."

*Id.* at 150, 416 A.2d at 271. In light of *Whack* there was no error in the imposition of consecutive sentences for the robbery and handgun offenses of which defendant was convicted. *See Stevenson v. State,* 43 Md. App. 120, 131-32, 403 A.2d 812, 819 (1979), *aff'd,* 287 Md. 504, 413 A.2d 1340 (1980).

## V

When a defendant has two prior convictions for crimes of violence and has served at least one term of confinement in a correctional institution as a result of such a conviction, then the State may seek mandatory sentencing under Md. Ann. Code, art. 27, § 643B (c) (1979 Cum. Supp.). *See* n. 1, *supra.* After due notice filed by the State, defendant was sentenced under the provisions of § 643B (c) to a total of fifty years without the possibility of parole. He now contends that the State did not establish a sufficient predicate for the mandatory sentencing because one of the prior convictions relied upon by the State, the third conviction listed below, was obtained under the Federal Youth Corrections Act (F.Y.C.A.), 18 U.S.C. §§ 5005-5026 (1976). He asserts that such adjudications of guilt are not "convictions" under § 643B.

At the sentencing hearing the State submitted records to prove that defendant had prior convictions for crimes of violence, as follows:

1) Robbery; January 4, 1973; Superior Court of the District of Columbia; 10 years under 18 U.S.C. § 5010 (c) (1976).

2) Attempted robbery; April 27, 1973; Superior Court of the District of Columbia; 10 years under 18 U.S.C. § 5010 (c) (1976).

3) Robbery with a deadly weapon; January 19, 1973; Superior Court of the District of Columbia; 10 years under 18 U.S.C. § 5010 (c) (1976).

4) Robbery; August 12, 1971; Circuit Court for Montgomery County; 6 years — suspended and probation; reimposed for violation of probation on May 23, 1974; and

5) Robbery with a deadly weapon; aggravated assault; two counts of carrying a pistol; April 25, 1979; Superior Court of the District of Columbia; 15 years to life for armed robbery; 3-9 years for assault, consecutive; 2-6 years on weapons offenses, concurrent with each other but consecutive to other sentences.

The court disregarded the most recent conviction because it was on appeal at the time of sentencing. In addition, the State concedes on appeal that the District of Columbia robbery and attempted robbery convictions are not necessarily crimes of violence as defined by § 643B (a) because robbery in the District of Columbia includes "crimes accomplished by stealth and which do not involve violence or putting the victim in fear." See D.C. Code § 22-2901 (1973); Butler v. State, 46 Md. App. 317, 323, 416 A.2d 773, 776 (1980). Defendant does not deny that the Montgomery County conviction for robbery is a prior conviction of a crime of violence for which he served a term of incarceration in the Maryland State Penitentiary.

The sole question, therefore, under § 643B (c) is whether appellant's District of Columbia conviction on January 19, 1973 for armed robbery pursuant to the F.Y.C.A., 18 U.S.C. § 5010 (c) (1976), qualifies as a predicate "prior conviction." He contends that "[a] juvenile 'conviction' cannot be used as a basis for enhanced punishment."

Under federal law a "juvenile" is "a person who has not attained his eighteenth birthday," or for the purpose of proceedings and disposition as a juvenile, one "who has not attained his twenty-first birthday" and who committed a violation of the criminal law of the United States prior to his eighteenth birthday. Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 (1976). Commitment shall not extend beyond the juvenile's twenty-first birthday. 18 U.S.C. § 5037. The adjudication of delinquency is not a criminal conviction. *See Fagerstrom v. United States*, 311 F.2d 717, 720 (8th Cir. 1963).

A youthful offender subject to the Federal Youth Corrections Act, 18 U.S.C. §§ 5005-5026 (1976), on the other hand, is a person "under the age of twenty-two years at the time of conviction." 18 U.S.C. § 5006 (d). The purpose of the F.Y.C.A. is to provide separate facilities for offenders under the age of twenty-one in order that they may be segregated from older, hardened criminals, thus improving their prospects of rehabilitation. 18 U.S.C. § 5011. *See generally Dorszynski v. United States*, 418 U.S. 424, 431-36 (1974). Courts are authorized to impose indeterminate sentences wherein the parole commission determines the actual length of incarceration. 18 U.S.C. 5010 (b), (c), and (e). The statute does not otherwise change the legal status of a "committed youth offender." 18 U.S.C. § 5006 (e). He is still convicted of a crime. *United States v. Ashley,* 569 F.2d 975, 978 (5th Cir.), *cert. denied,* 439 U.S. 853 (1978).

In construing an habitual offender statute and whether or not a conviction under the F.Y.C.A. may be used as a basis for sentencing, the United States Court of Appeals for the Second Circuit has reasoned:

"No purpose of the youth offender statute would be

served by refusing to treat appellant as a second offender. Section 5010 is designed to afford an opportunity for rehabilitation. Appellant did not take advantage of that opportunity. There is thus no rational basis for disregarding his previous conviction."

*United States v. Wilson,* 404 F.2d 531, 534 (2d Cir. 1968), *cert. denied,* 394 U.S. 1003 (1969).

Here, the defendant was tried as an adult and convicted of armed robbery. The rationale of *Wilson* is compelling. We find no error in the trial court's consideration of defendant's District of Columbia conviction for armed robbery as a prior conviction of a crime of violence under § 643B. To conclude otherwise would contravene the Legislature's express intention to punish third offenders more severely. *See State v. Temoney,* 45 Md. App. 569, 414 A.2d 240 (1980).

## VI

The trial court sentenced defendant to twenty years on each of the robbery counts and five years on each of the handgun counts, and made the sentences consecutive, and without the possibility of parole under § 643B (c). Both the defendant and the State have appealed, alleging that the trial court committed error in interpreting the statute and in imposing the sentences. Subsection (c) provides:

"(c) *Third conviction of crime of violence. —* Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the

person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11."

The State in its cross-appeal argues that § 643B (c) mandates that a twenty-five year sentence be imposed for *each* of the four separate crimes of violence as defined in § 643B (a), *i.e.,* two "robberies with a deadly weapon" and two "uses of a handgun in the commission of a crime of violence." As stated in its brief:

"The State contends that this clause requires that the trial court impose the maximum sentence allowed by law for each subsequent conviction of a violent crime, but that a sentence of at least twenty-five years must be imposed when the maximum sentence allowed by law is less than twenty-five years."

In the State's view the defendant is subject to the imposition of sentences aggregating 100 years without the possibility of parole.[2] It does concede, however, that nothing in the section "appears to prohibit the imposition of concurrent terms for those offenses."

Defendant argues that the statute "is meant to be applied once; . . . [that] it simply provides a minimum sentence for a third conviction of a crime of violence;" and that nothing in the section mandates the imposition of a sentence beyond the twenty-five year minimum. In other words, it is defendant's position that only a single penalty of twenty-five years without parole or probation may be imposed.

---

**2.** At trial, the State asked for a total sentence of seventy years without the possibility of parole. It computed this figure by adding up the normal maximum sentences for all four crimes; *i.e.,* twenty years for each of the two robberies and fifteen years for each of the two handgun offenses. The State then applied the § 643B (c) twenty-five year minimum to the aggregate of seventy years and concluded that seventy years without the possibility of parole was required by the statute. On appeal, the State has abandoned this approach in favor of applying the twenty-five year minimum separately to each of the counts.

Since we conclude that both interpretations urged by the State are incorrect, we do not decide what, if any, impact the State's change of position should make.

Of course, in construing the statute we must observe its plain meaning and the "natural import of its language. . . ." *State v. Fabritz,* 276 Md. 416, 421, 348 A.2d 275, 278 (1975), *cert. denied,* 425 U.S. 942 (1976). The interpretation of this provision must be accomplished " 'without resorting to subtle or forced construction. . . .' " *Howell v. State,* 278 Md. 389, 393, 364 A.2d 797, 799 (1976), *quoting from Cearfoss v. State,* 42 Md. 403, 407 (1875). In construing a penal statute and in resolving a dispute over the severity of the penalty, a presumption arises in favor of the lesser penalty over the greater one. *Wright v. State,* 24 Md. App. 309, 319-20, 330 A.2d 482, 488 (1975). Finally, internal consistency between the various provisions of a statute must be maintained, and subsections must, therefore, be interpreted in the context of the entire statutory scheme. *Clark v. State,* 2 Md. App. 756, 761, 237 A.2d 768, 770 (1968), *cert. denied,* 394 U.S. 1001 (1969).

Applying these standards to § 643B (c), it is apparent that the subsection mandates the imposition of one, and only one, sentence of not less than twenty-five years upon proof of the requisite prior convictions arising from separate incidents and proof of a prior period of incarceration resulting from a crime of violence.[3] We reach this conclusion for several reasons. First, the plain language of the section does not purport to cover third or *subsequent* offenses. *Compare* Md. Ann. Code, art. 27, § 293 (1976) dealing with multiple offenders of the laws governing controlled dangerous substances: that section provides for an enhanced

---

3. The subsection requires that a defendant within its ambit be sentenced "to the term allowed by law, but, in any event, not less than 25 years." § 643B (c). The State argues that "this clause requires that the trial court impose the maximum sentence allowed by law for each subsequent conviction of a violent crime, but that a sentence of at least twenty-five years must be imposed when the maximum sentence allowed by law is less than twenty-five years."

In response to this argument, defendant contends that the State "requires that one ignore the plain meaning of the words and supply a meaning not provided in the language of the statute." He views the statute as providing only a minimum sentence for a third conviction of a crime of violence, and nothing more.

We need not decide the question in this appeal because the twenty-five year minimum sentence is the only possible sentence under § 643B (c), the normal maxima for the offenses all being less than twenty-five years.

punishment for a "second *or subsequent* offense" (emphasis added). Second, § 643B (b) provides for a mandatory life sentence for the *fourth* conviction of a crime of violence, if the defendant has served three prior and separate terms of confinement. Common sense dictates that the sentence under § 643B (c) should be less severe than the mandatory life sentence under § 643B (b) wherein the predicates are more stringent. Yet, under the State's interpretation of the statute, the defendant here must be sentenced to four twenty-five year terms, which could be made to run consecutively to each other for a total sentence of 100 years without the possibility of parole, *i.e.,* a life term could be achieved without meeting the prerequisites of § 643B (b), an obviously illogical result.[4]

In imposing sentence, the trial court viewed the armed robbery and related handgun offense as arising out of the same incident and, therefore, subject to the statutory minimum of § 643B (c). Defendant received consecutive sentences totalling twenty-five years under each of the two indictments, for an aggregate sentence of fifty years without the possibility of parole. This was error. Instead, the trial court should have sentenced defendant to a twenty-five year term without the possibility of parole under § 643B (c) only on the count in the first indictment of robbery with a deadly weapon, defendant's third qualifying conviction of a "crime of violence." Normal sentences with the possibility of parole under the appropriate statutory authority should have been imposed on the remaining three counts. Of course, the sentences could be made to run consecutively to each other as was done below.

In sum, our holding is that § 643B (c) permits the imposition of only one mandatory sentence without the possibility of parole. The draftmanship of the statute is

---

4. Of course, there is one situation where a life sentence without the possibility of parole could be imposed under § 643B (c). When the "term allowed by law" for the offense is life imprisonment and the subsection's predicates have been satisfied, then a defendant could receive a legal no-parole life sentence under the subsection.

patently inartful.[5] Any change, however, must be left to the legislature.

> *Convictions affirmed; sentences vacated; case remanded for resentencing in accordance with this opinion; costs not to be reallocated as part of the judgment of this court pursuant to Md. Rule 1082 (f).*

---

5. Although not urged upon us by defendant, we note that an absolutely literal reading of § 643B (c) would prevent the imposition of its mandatory sentence if the State were to prove more than two prior convictions for violent crimes. Such an interpretation of the section is unrealistic and not required by the declared legislative intent. Instead, we think that § 643B (c) is applicable upon proof of two prior convictions for violent crimes and the requisite term of confinement without regard to the existence of other equally qualifying convictions.

In addition, we note that unless a defendant's two prior convictions occur on "two separate occasions" the predicates of § 643B (c) have not been satisfied. This is true even when the two prior convictions arise from totally separate incidents. Thus, a defendant who is convicted at one trial of several crimes of violence may escape the mandatory sentence of § 643B (c). In contrast, however, the mandatory life sentence provision, § 643B (b), requires only "three separate convictions." It does not require that the convictions be obtained on separate occasions. These discrepancies and variations are indicative of the need for legislative clarification of this statutory enactment. See McLee v. State, 46 Md. App. 472, 418 A.2d 1238 (1980).