703 A.2d 237

**Tony Lorenzo McCOY**

v.

**STATE of Maryland.**

**No. 187, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Dec. 15, 1997.

Shannon E. Avery, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellant.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Scott L. Rolle, State's Atty. for Frederick County, Frederick, on the brief), for Appellee.

Submitted before MOYLAN, DAVIS and SONNER, JJ.

MOYLAN, Judge.

The appellant, Tony Lorenzo McCoy, was convicted by a Frederick County jury, presided over by Judge Mary Ann Stepler, of 1) distribution, 2) possession with intent to distribute, and 3) possession of cocaine. On this appeal, he raises the four contentions:

1. that the evidence was not legally sufficient to sustain the convictions;

2. that Judge Stepler erroneously refused to admit a statement by one Lester Bethea;

3. that the court erroneously admitted Detective Ledwell's statement that numerous drug arrests had been made in the area in which the appellant was arrested; and

4. that the court failed to merge the convictions for possession with intent to distribute and simple possession into the conviction for distribution.

We hold that the evidence was legally sufficient to support the convictions. The testimony of Sergeant Thomas Ledwell of the Frederick City Police Department alone was enough to establish, in terms of naked legal sufficiency, the guilt of the appellant. The appellant argues that Sergeant Ledwell's identification of him should not have been persuasive for two reasons: 1) because Sergeant Ledwell was using binoculars at a distance of approximately twenty-five yards at the time he observed the critical sale of narcotics and 2)

because a defense alibi witness testified that the seller could not have been the appellant because the appellant was in a telephone booth at a different location at the time of the sale. These defense arguments, of course, go to the weight of testimony and the credibility of witnesses. They are concerned with whether the State met its burden of persuasion and not with whether the State met its burden of production. On the issue of legal sufficiency, an appellate court is concerned only with the burden of production. Our inquiry is that of whether the testimony of Sergeant Ledwell, *if* believed and *if* given maximum weight, would have established the necessary elements of the crime. We hold that his testimony, *if* believed and *if* given maximum weight (contingencies beyond our power of review), would have established the necessary elements.

On February 9, 1996, Sergeant Ledwell was working in an undercover capacity, as the supervisor of a tactical unit investigating narcotics activity, in the area of the John Hanson Apartments in Frederick City. From a hidden observation post in a vacant apartment and using binoculars, he observed a courtyard surrounded by four three-story apartment buildings. At 9:15 P.M., he observed the appellant and one Lester Bethea walk toward the back of a hallway to an area behind a stairway. He observed Bethea give the appellant paper currency. He observed the appellant give Bethea several small white objects. He observed the appellant and Bethea part company and walk away in opposite directions.

Sergeant Ledwell's observations were broadcast to other members of the police team in the area. Within one minute, Bethea was stopped and searched. On his person was found three rocks of crack cocaine with an estimated street value of $60. Within three minutes, the appellant was arrested. Recovered from his person was $25 in currency. Clearly, this testimony, *if* believed and *if* given maximum weight, was enough to permit the jury reasonably to infer that the appellant was guilty of the crimes with which he was charged.

■ With respect to the testimony of the alibi witness, moreover, the appellant ignores the obvious fact that although such testimony might be a sound predicate for arguing that the State failed to meet its burden of persuasion, it has absolutely nothing to do with whether the State met its burden of production. In measuring legal sufficiency, which is what the burden of production is concerned with, the alibi testimony which the appellant invokes does not even exist. We examine that version of the facts most favorable to the State, to wit, Sergeant Ledwell's version, and look at it as if it were the only testimony in the case. When measuring legal sufficiency, the appellate concern is not with whether the jury should or should not have been persuaded of the appellant's guilt. It is only concerned with whether the judge was correct, as a matter of law, in submitting the case to the jury. If she was, what the jury then does with the case is beyond the purview of appellate review. In short, a perfectly good jury argument may be an utterly immaterial appellate argument.

■ The appellant's second contention is that Judge Stepler erroneously thwarted his effort to introduce an exculpatory statement from the alleged purchaser of the crack cocaine, Lester Bethea. The witness on the stand was Officer Timothy Duhan. During Officer Duhan's cross-examination, defense counsel asked him about a statement given to him by Lester Bethea. It was proffered that Bethea's out-of-court declaration would have asserted that he purchased the drugs from someone other than the appellant. As an out-of-court declaration offered for the truth of the thing asserted, the declaration was classic hearsay. It did not qualify for any of the accepted exceptions to the rule against hearsay and, therefore, was properly excluded by Judge Stepler.

■ The appellant's third contention is that Judge Stepler erroneously permitted Sergeant Ledwell to testify that the area where the surveillance was being conducted on the night of February 9 was a high drug area. The appellant argues that this fact possibly subjected him to guilt by association.

On the contrary, it may have strengthened his argument that the sale to Lester Bethea was actually made by someone else. We will not, however, quibble over that.

The segment of testimony in issue was as follows:

[Prosecutor]: Now why was your Tactical Unit working at that particular location on the night of February 9, 1996?

A: We'd made a lot of previous—

[Defense Counsel]: Objection.

The Court: Excuse me? Would you repeat the question?

[Prosecutor]: Yes. Sergeant Ledwell, why was the Tactical Unit working in the area of John Hanson Apartments on the night of February 9, 1996?

The Court: Overruled. You may answer.

A: We had previously made numerous drug arrests in the area and we continued to receive complaints about drug activity in the area.

[Defense Counsel]: Objection. Motion to Strike.

The Court: Denied.

It strikes us that the relatively innocuous explanation by Sergeant Ledwell was a legitimate explanation of why the police were conducting a surveillance at the time the appellant was observed making what apparently was an unlawful sale of narcotics. In terms of prejudice, we think that the appellant's actions speak for themselves and that the character of the neighborhood did not contribute to his guilt. We see no error.

The appellant's final contention will fare better than his earlier three. He argues that his conviction for simple possession should have merged into the conviction for possession with intent to distribute and that the conviction for possession with intent to distribute should, in turn, have merged into the conviction for actual distribution and that he should not have received separate, albeit concurrent, sentences for three convictions. That contention is absolutely correct. Commendably, the State concedes that this is the case.

*JUDGMENT OF CONVICTION FOR DISTRIBUTION AFFIRMED; CONVICTIONS FOR POSSESSION WITH*

*INTENT TO DISTRIBUTE AND FOR SIMPLE POSSES-*
*SION VACATED AND MERGED INTO CONVICTION FOR*
*DISTRIBUTION; COSTS TO BE DIVIDED EQUALLY BE-*
*TWEEN FREDERICK COUNTY AND THE APPELLANT.*