975 A.2d 298

**Michael Andrew NELSON**

v.

**STATE of Maryland.**

**No. 982, Sept. Term, 2008.**

Court of Special Appeals of Maryland.

July 7, 2009.

2

Michael A. Nelson, Jessup, for appellant.

Mary Ann Ince (Douglas F. Gansler, Office of the Atty. Gen., on the brief), Baltimore, for appellee.

Panel: HOLLANDER, GRAEFF and PAUL E. ALPERT (Retired, Specially Assigned), JJ.

HOLLANDER, Judge.

Michael Andrew Nelson, appellant, *pro se*, has noted an appeal from the denial of his motion to correct an illegal sentence. In particular, in 2002 appellant was sentenced by the Circuit Court for Washington County to an enhanced penalty of 25 years without parole, pursuant to Article 27,

§ 286(d) of the Maryland Code (1996 Repl.Vol., 2001 Supp.).[1] He contends here, as he did below, that he was illegally sentenced as a three-time felony drug offender, because he had never been sentenced as a second-time offender under Article 27, § 286(c).

As we shall see, appellant facially satisfies the predicates for imposition of sentence under Article 27, § 286(d). The question we must resolve is whether the 25–year sentencing enhancement under § 286(d) is reserved only for repeat drug offenders who were previously sentenced, as second offenders, to the 10–year, no parole enhancement under § 286(c).[2] For the reasons that follow, we hold that appellant was legally sentenced under Article 27, § 286(d). Accordingly, we shall affirm the circuit court's denial of appellant's motion to correct an illegal sentence.

## FACTUAL BACKGROUND

Appellant was arrested in Washington County on December 11, 2001, and charged with possession of cocaine with intent to distribute and simple possession. Following a bench trial on September 10, 2002, appellant was convicted of those offenses. At a sentencing hearing held on October 15, 2002, the court confirmed that the State had timely filed the "subsequent offender notice" advising appellant that it intended to seek imposition of sentence as a three-time offender under Article 27, § 286(d).[3] Appellant did not protest his status as a third-time offender.

---

1. Article 27, § 286 is now codified at Md.Code (2002, 2008 Supp.), § 5–608 of the Criminal Law Article ("C.L.").

2. In his brief, appellant asks:

    [I.] Is Article 27 § 286 (now Criminal Law § 5–608) of the Annotated Code of Maryland and it's [sic] subsections ambiguous because of internal inconsistency?

    [II.] Is Article 27 § 286 of the Annotated Code of Maryland and it's [sic] subsections ambiguous as to whether prior predicate convictions must be separated by a term of confinement?

3. *See* Md. Rule 4–245(c) ("When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney

The sentencing judge made the following findings:

The court has, having looked at all the documents, found beyond a reasonable doubt that, indeed, the defendant has been convicted on two previous occasions, at least two previous occasions, with possession with intent to distribute cocaine, that is the Frederick [County] case number 23644, possession with intent to distribute cocaine, in which the defendant was found guilty on August 14, 1999, given 12 years Department of Correction, with all but 4 years suspended. In [Washington] County, case number 24459, which the court has looked at the file itself, and taken judicial notice of, where the defendant was found guilty on September 9, 1999, with possession with intent to distribute cocaine. He received 12 years DOC, all but three years suspended. And, also the Carroll County case.[4] The court is convinced that the defendant is the person indicated in that case, which is a possession with intent to distribute cocaine. The tracking number is exactly the same [ ], in which the defendant received three years Department of Correction, all suspended, at that time. The court is, also, convinced, and find[s] beyond a reasonable doubt, by the testimony of the probation officer in this case, Ms. Talbert, that the defendant for the Frederick County case and the Washington County case served time beginning August 18, 1999, and was released November 1, 2000. In fact, she said that was for the Frederick County case alone. He was then placed on probation, [ ] and he paroled out, I believe, on the Washington County case, but he has served, the court finds, beyond a reasonable doubt, at least 180 days in the Depart-

shall serve a notice of the alleged prior conviction on the defendant or counsel at least 15 days before sentencing in the circuit court. . . .").

4. An excerpt from a pre-sentencing report, included as an appendix to appellant's brief, indicates that on June 29, 1998, appellant was convicted in the Circuit Court for Carroll County of possession with intent to distribute and possession of a controlled dangerous substance, and was sentenced to a suspended term of three years incarceration in the Department of Corrections.

ment of Corrections as a result of the Frederick County case.

So, all the predicates have been found beyond a reasonable doubt, that is the two prior, in fact, three prior convictions; the serving of at least 180 days in a correctional institution as a result of a conviction. The court finds that the convictions that I've just noted were not as a result of a single event, but as a result of separate events because they, simply put, occurred on different dates, occurred in different counties, so all the predicates have been found beyond a reasonable doubt.

After concluding, without objection, that appellant qualified as a third-time offender under Article 27, § 286(d), the sentencing judge merged the simple possession count into the distribution count and imposed a sentence of 25 years without parole.[5]

Appellant filed his "Motion To Correct An Illegal Sentence" on May 14, 2008. The State opposed the Motion. The court denied the Motion by "Order of Court" issued on June 2, 2008. It did not specify its reasons for the ruling. This appeal followed.

We shall include additional facts in our discussion.

## DISCUSSION

### I.

Article 27, § 286, and its successor, C.L. § 5–608, mandate enhanced penalties for subsequent offenders convicted of certain felony drug offenses. In particular, the penalty provisions for repeat drug offenders "create[ ] a tiered sentencing scheme for first, second, third, and fourth offenders,

---

5. Appellant challenged his convictions in a direct appeal, but did not challenge his sentence. This Court affirmed in an unreported opinion. *See Nelson v. State*, No. 2035, Sept. Term, 2002, 156 Md.App. 757 (filed April 20, 2004) (Hollander, J.) *("Nelson I ")*. The Court of Appeals denied appellant's petition for writ of certiorari. *Nelson v. State*, 382 Md. 686, 856 A.2d 722 (2004).

with mandatory minimum terms of sentencing for each succeeding conviction." *Taylor v. State*, 175 Md.App. 153, 162, 926 A.2d 805, *cert. denied*, 401 Md. 174, 931 A.2d 1096 (2007). As the Court of Appeals has said, "The clear import of the language used throughout [Art. 27], § 286 is that the Legislature sought to impose more stringent penalties on certain offenders who repeatedly persist in a pattern of criminal conduct." *Gargliano v. State*, 334 Md. 428, 442, 639 A.2d 675 (1994); *see also State v. Stewart*, 368 Md. 26, 35 n. 10, 791 A.2d 143 (2002).

To that end, Article 27, § 286 established "benchmarks" for the imposition of enhanced penalties. *Taylor*, 175 Md.App. at 168, 926 A.2d 805. It provided, in part:

(a) *Prohibited conduct.*—Except as authorized by this subheading, it is unlawful for any person:

(1) To ... possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense, a controlled dangerous substance;

\* \* \*

(b) *Penalty.*—Any person who violates any of the provisions of subsection (a) of this section with respect to:

(1) A substance classified in Schedules I or II which is a narcotic drug is guilty of a felony and is subject to imprisonment for not more than 20 years, or a fine of not more than $25,000, or both.

\* \* \*

(c) *Sentencing.*—(1) A person who is convicted under subsection (b)(1) ... of this section shall be sentenced to imprisonment for not less than 10 years and subject to a fine not exceeding $100,000 if the person previously has been convicted:

(i) Under subsection (b)(1) ... of this section; ....

(2) The prison sentence of a person sentenced under subsection (b)(1) ... of this section ..., as a second offend-

er may not be suspended to less than 10 years, and the person may be paroled during that period only in accordance with § 4–305 of the Correctional Services Article.

Thus, a second-time offender is subject to a mandatory 10–year, essentially nonparolable term of incarceration upon a finding that he or she had been previously convicted under Article 27, § 286(b)(1), regardless of whether the offender served time for the prior conviction.

For a "third-time offender," the statute provided:

(d) *Additional penalty for one or two previous offenses.*—(1) A person who is convicted under subsection (b)(1) . . . of this section . . . shall be sentenced to imprisonment for the term allowed by law, but, in any event, not less than 25 years and subject to a fine not exceeding $ 100,000 if the person previously:

(i) Has served at least 1 term of confinement of at least 180 days in a correctional institution as a result of a conviction of a previous violation of this section or § 286A of this article; and

(ii) Has been convicted twice, where the convictions do not arise from a single incident. . . .

(2) Neither the sentence under paragraph (1) of this subsection nor any part of it may be suspended, and the person may not be eligible for parole except in accordance with § 4–305 of the Correctional Services Article.

Accordingly, a third time offender is subject to a mandatory 25–year, essentially non-parolable term of incarceration, upon a finding that he was twice previously convicted under Article 27, § 286(b)(1), for separate incidents, and served at least one term of post-conviction incarceration lasting a minimum of 180 days in a correctional institution. "[B]y imposing the 180 day minimum, the legislature was ensuring that those who received the enhanced punishment had been accorded a fair chance at rehabilitation in the prison system and had not responded." *Jones v. State,* 324 Md. 32, 38, 595 A.2d 463 (1991). *See also Melgar v. State,* 355 Md. 339, 353, 734 A.2d 712 (1999) (stating that time spent in pre-trial detention is not

counted toward the statutory 180–day predicate under § 286(d)(1)(f)).

For a so called "fourth-time offender," the statute provided:

(e) *Additional Penalty for three or more previous offenses.*—(1) A person who is convicted under subsection (b)(1) ... of this section ... shall be sentenced to imprisonment for the term allowed by law, but in any event, not less than 40 years and subject to a fine not exceeding $100,000 if the person previously has served 3 separate terms of confinement as a result of 3 separate convictions:

(i) Under subsection (b)(1) ... of this section;

\* \* \*

(2) Neither the sentence required under paragraph (1) of this subsection nor any part of it may be suspended, and the person may not be eligible for parole except in accordance with § 4–305 of the Correctional Services Article.

Therefore, to be sentenced as a fourth-time offender, a defendant must have served three separate terms of confinement as a result of three separate qualifying drug convictions.

As best we can determine,[6] appellant was arrested on felony drug charges in Carroll County on October 15, 1997, and was subsequently convicted on June 29, 1998. On June 2, 1998, *i.e.,* while the Carroll County case was pending but *before* appellant was convicted in that case, appellant was arrested on felony drug charges in Frederick County. He was convicted of those charges on August 14, 1999, and sentenced to twelve years, with all but four years suspended. At that time,

---

6. Appellant's *pro se* brief contains a confusing recitation of his prior convictions and corresponding sentences. For reasons that elude us, the State's brief does not include any particularization of appellant's prior convictions or sentences. Unfortunately, documents evidencing appellant's prior convictions and periods of confinement are not in the record, and excerpts from documents and a pre-sentencing report included in the appendix of appellant's brief are not dated and appear incomplete. Nonetheless, as we have indicated, appellant did not challenge below, nor is he challenging here, the accuracy of the trial judge's findings related to his prior convictions and incarceration.

however, appellant did not qualify as a second offender, because the Frederick County offense occurred *before* the conviction in the Carroll County case. *See Gargliano,* 334 Md. at 446, 639 A.2d 675 (stating that second offender enhancement may not be imposed for an offense that occurred prior to the first conviction); *see also Thomas v. State,* 104 Md.App. 461, 468–69, 656 A.2d 799 (1995). On March 4, 1999, while the Frederick County drug charges were still pending, appellant was arrested in Washington County on felony drug charges. He was convicted of those charges on or about September 9, 1999, and received a sentence of twelve years, with all but three years suspended.[7] We do not know why appellant was not sentenced as a "second-time offender" under Article 27, § 286(c)(1). But, he did not yet qualify as a third-time offender. *See Taylor,* 175 Md.App. at 168–69, 926 A.2d 805; *see also Calhoun v. State,* 46 Md.App. 478, 488–90, 418 A.2d 1241 (1980) (stating that only one enhanced penalty for a "third" conviction for a crime of violence is allowed by statute; the court may not impose that sentence for every conviction beyond the second one), *aff'd,* 290 Md. 1, 425 A.2d 1361 (1981).

As noted, the sentencing judge in the case at issue found "beyond a reasonable doubt" that appellant had at least two prior, unrelated convictions for possession of cocaine with intent to distribute, and that he had served more than 180 days in a correctional institution as a result of one of them. Although appellant does not dispute those findings, he contends that the sentencing enhancement provisions of Article 27, § 286 are "ambiguous because of internal inconsistencies," and he should not have been sentenced as a third-time offender under § 286(d). Nelson asserts:

[I]t is absurd for one subsection of the statute to require a defendant to have served one term of confinement and have one prior conviction to qualify as a two-time subsequent offender, and in the next subsection require a defendant to have served one term of confinement and have two

---

7. All of appellant's convictions involved cocaine, classified as a Schedule II narcotic. *See* C.L. § 5–403.

prior convictions to qualify as a three-time subsequent offender, and in the last subsection require a defendant to have served three separate terms of confinement and have three separate prior convictions to qualify as a four-time subsequent offender.

In the case sub judice, appellant falls squarely into the above-mentioned inconsistency. Appellant argues that he should have been sentenced as a two-time subsequent offender because had the State sought sentence enhancement for a two-time subsequent offender for the conviction that occurred on September 17, 1999, appellant would not have qualified even as a two-time subsequent offender because he had never served a term of confinement for any of the previous offenses. Appellant argues that sentencing him under the above-mentioned inconsistency would thwart the intent of the statute because a defendant would never qualify as a two-time subsequent offender. Appellant further argues that if he was released from custody and the State sought sentence enhancement as a four-time subsequent offender, he would not qualify because he only served two terms of confinement. Appellant would only qualify as a three-time subsequent offender. Therefore, the rule of lenity applies.

Appellant appears to claim that, because he had not previously been sentenced as a second-time offender, he should not have been sentenced as a third-time offender. In support of his contention, appellant points out that, if he were released from prison and committed another "qualifying drug crime," he will not be subject to incarceration as a fourth-time offender under C.L. § 5–608(d) (formerly Article 27, § 286(e)) because he will not have served three separate terms of confinement.

The State summarily argues that appellant clearly met the requirements for punishment as a third-time offender and, therefore, the sentence was "patently lawful." Accordingly, it urges this Court to uphold the denial of the motion to correct an illegal sentence. The State does not otherwise address appellant's contentions.

## II.

■■ Appellant has lodged his challenge as a motion to correct an illegal sentence. Pursuant to Md. Rule 4–345(a), "[t]he court may correct an illegal sentence at any time." *See Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949 (1985). To be sure, "an enhanced penalty imposed improperly is an illegal sentence." *Veney v. State,* 130 Md.App. 135, 145, 744 A.2d 1094, *cert. denied* 358 Md. 610, 751 A.2d 472 (2000). As the Court said in *Chaney v. State,* 397 Md. 460, 466, 918 A.2d 506 (2007): "We have consistently defined this category of 'illegal sentence' as limited to those situations in which the illegality inheres in the sentence itself; *i.e.,* there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one. . . ." *See also Hoile v. State,* 404 Md. 591, 621, 948 A.2d 30 (2008); *Evans v. State,* 382 Md. 248, 278, 855 A.2d 291 (2004), *cert. denied,* 543 U.S. 1150, 125 S.Ct. 1325, 161 L.Ed.2d 113 (2005). Moreover, a claim of an illegal sentence " 'should ordinarily be reviewed . . . even if no objection was made in the trial court.' " *Montgomery v. State,* 405 Md. 67, 75, 950 A.2d 77 (2008) (quoting *Walczak,* 302 Md. at 427, 488 A.2d 949). " 'Thus, a defendant who fails to object to the imposition of an illegal sentence does not waive forever his right to challenge that sentence.' " *Id.*

Appellant's contention requires us to construe the enhanced penalty provisions of Article 27, § 286, which is a judicial function. *Johnson v. Mayor of Baltimore,* 387 Md. 1, 5–6, 874 A.2d 439 (2005); *Davis v. Slater,* 383 Md. 599, 604, 861 A.2d 78 (2004); *Salamon v. Progressive Classic Ins. Co.,* 379 Md. 301, 307, 841 A.2d 858 (2004). In our *de novo* review of the circuit court's ruling, *Moore v. State,* 388 Md. 446, 452, 879 A.2d 1111 (2005), we aim to ascertain and effectuate the Legislature's intent. *Melton v. State,* 379 Md. 471, 476, 842 A.2d 743 (2004); *Price v. State,* 378 Md. 378, 387, 835 A.2d 1221 (2003); *Hackley v. State,* 161 Md.App. 1, 11, 866 A.2d 906, *aff'd,* 387 Md. 462, 875 A.2d 767 (2005). We are guided in this endeavor by the statutory text, and accord the words of the statute their ordinary and usual meaning. *Huffman v. State,* 356 Md. 622, 627–28, 741 A.2d 1088 (1999); *State v. Pagano,* 341 Md. 129,

133, 669 A.2d 1339 (1996); *Lewis v. State*, 348 Md. 648, 653, 705 A.2d 1128 (1998).

If the statute is not ambiguous, we generally will not look beyond its language to determine legislative intent. *Kaczo-rowski v. Mayor of Baltimore*, 309 Md. 505, 515, 525 A.2d 628 (1987). Conversely, if a provision is ambiguous, we consider the language "in light of the ... objectives and purpose of the enactment." *Tucker v. Fireman's Fund Ins. Co.*, 308 Md. 69, 75, 517 A.2d 730 (1986); *see Deville v. State*, 383 Md. 217, 223, 858 A.2d 484 (2004); *Maryland Div. of Labor & Indus. v. Triangle Gen. Contractors, Inc.*, 366 Md. 407, 425, 784 A.2d 534 (2001). In this regard, "we may ... consider the particu-lar problem or problems the legislature was addressing, and the objectives it sought to attain." *Sinai Hosp. of Balt., Inc. v. Dep't of Employment & Training*, 309 Md. 28, 40, 522 A.2d 382 (1987).

Of import here, we are obligated to construe the statute as a whole, so that all provisions are considered together and, to the extent possible, reconciled and harmonized. *Breitenbach v. N.B. Handy Co.*, 366 Md. 467, 472, 784 A.2d 569 (2001); *Curran v. Price*, 334 Md. 149, 172, 638 A.2d 93 (1994). When "appropriate," we interpret a provision "in the context of the statutory scheme of which it is a part." *Gordon Family P'ship v. Gar on Jer*, 348 Md. 129, 138, 702 A.2d 753 (1997). Put another way, when a provision "is part of a general statutory scheme or system, the sections must be read togeth-er to ascertain the true intention of the Legislature." *Mazor v. Maryland Dep't of Corr.*, 279 Md. 355, 361, 369 A.2d 82 (1977); *see Vest v. Giant Food Stores, Inc.*, 329 Md. 461, 466–67, 620 A.2d 340 (1993).

In our effort to effectuate the Legislature's intent, we may consider " 'the consequences resulting from one meaning rath-er than another, and adopt that construction which avoids an illogical or unreasonable result, or one which is inconsistent with common sense.' " *Chesapeake Charter, Inc. v. Anne Arundel County Bd. of Educ.*, 358 Md. 129, 135, 747 A.2d 625 (2000) (citation omitted); *see Mayor of Rockville v. Rylyns*

*Enters., Inc.,* 372 Md. 514, 550, 814 A.2d 469 (2002). We also "avoid construing a statute in a way which would lead to absurd results." *Blandon v. State,* 304 Md. 316, 319, 498 A.2d 1195 (1985). But, courts may " 'not invade the function of the legislature' by reading missing language into a statute," even to correct " 'an omission [that is the result of] obvious ... inadvertence.' " *Graves v. State,* 364 Md. 329, 351, 772 A.2d 1225 (2001) (citation omitted). Nor may we read a meaning into the statute that is not expressly stated or clearly implied, so as to expand its meaning. *See Johnson,* 387 Md. at 14, 874 A.2d 439 ("We may not read language into a statute that is not there, even if we are not satisfied with the outcome of the case.")

We have found no Maryland cases that directly speak to the precise issue before us. However, we are mindful that the Court of Appeals has recognized that § 286 "is a highly penal statute that must be interpreted in light of the rule of lenity." *Deville,* 383 Md. at 231, 858 A.2d 484. The rule of lenity "instructs that a court 'not interpret a ... criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the Legislature] intended.' " *Melgar,* 355 Md. at 347, 734 A.2d 712 (citation omitted); *see Deville,* 383 Md. at 231–32, 858 A.2d 484 (declining to "read § 286(d) to include home detention within the definition of 'confinement ... in a correctional institution' " and stating: "Where the Legislature has not specifically instructed the courts of Maryland to expand the scope of a penal statute, the rule of lenity dictates that we limit such laws to that which can be construed clearly from the statute."). Therefore, "we construe any ambiguity of the subsequent offender statute in favor of the accused, and against the State." *Cantine v. State,* 160 Md.App. 391, 413, 864 A.2d 226 (2004), *cert. denied,* 386 Md. 181, 872 A.2d 46 (2005).

*Gargliano, supra,* 334 Md. 428, 639 A.2d 675, is instructive. There, a State trooper purchased cocaine from Gargliano in December 1989 and again in January 1990. *Id.* at 431, 639

A.2d 675. After yet a third transaction in December 1990, he arrested Gargliano, who was then charged with all three sales. *Id.* at 431–32, 639 A.2d 675. The State initially brought Gargliano to trial on charges arising from the first two sales; Gargliano was convicted in April 1991 of two counts of drug distribution. *Id.* at 432, 639 A.2d 675. Thereafter, in June 1991, prior to Gargliano's trial for the third offense, the State notified him of its intent to seek enhanced punishment with regard to the December 1990 offense, based on his two convictions in April 1991. *Id.*

Gargliano was subsequently convicted in September 1991 for the third drug distribution offense. *Id.* Noting that he had committed the third offense before he was arrested or convicted for either of the two prior incidents, Gargliano argued at sentencing that the enhanced penalty mandated by Article 27, § 286(c) should not apply to a defendant "who had neither been charged with nor convicted of a prior offense at the time the principal offense was committed." *Id.* The trial court disagreed. It ruled that § 286(c) applied "whenever a prior conviction exists at the time of sentencing on the principal offense." *Id.* Therefore, it imposed a mandatory term of ten years, without parole. *Id.*

On appeal, the Court was asked "to determine whether the enhanced penalty mandated by § 286(c) is triggered when a defendant is convicted of a prior offense after the commission of, but before sentencing on, the principal offense upon which the enhanced penalty is sought." *Id.* at 431, 639 A.2d 675 (footnote omitted). It held that "the mandatory sentence prescribed by § 286(c) may be imposed only where the conviction for a prior offense precedes the *commission* of the principal offense.... " *Id.* The Court said: "[W]e hold today that a conviction obtained after the commission of the principal offense does not trigger the imposition of a statutory enhanced penalty.... " *Id.* at 449, 639 A.2d 675.

In reaching its conclusion, the Court of Appeals discussed the structure of § 286, noting that subsections (c), (d), and (e) "form a comprehensive scheme of graduated mandatory penal-

ties for repeat offenders." *Id.* at 440, 639 A.2d 675 (citing Senate Judicial Proceedings Committee, *Bill Analysis,* H.B. 606 (1988)). But, with respect to whether a conviction for the predicate offense must precede the *commission* of the principal offense, the Court regarded as ambiguous the statutory phrase "previously has been convicted." *Id.* at 438, 639 A.2d 675. Reviewing the legislative history of § 286, it noted that "the phrase 'has previously been convicted' was not defined in § 286 as it existed in 1982," when the legislation was enacted, or when it "was amended in 1988 to provide for even greater penalties for third and fourth convictions." *Id.* at 439–40, 639 A.2d 675.

As the Court pointed out, subsection (c) did "not identify whether the prior conviction must be previous to the principal offense or merely previous to the sentencing for the enhanced penalty to apply." *Id.* at 434–35, 639 A.2d 675. In its view, the proper interpretation of the phrase "previously has been convicted" turned on "whether the statute was intended to apply only to defendants who fail to reform their behavior after a prior conviction or whether it was intended to apply to all defendants who amass multiple convictions." *Id.* at 438, 639 A.2d 675. The Court said, *id.* at 442, 639 A.2d 675:

The clear import of the language used throughout § 286 is that the Legislature sought to impose more stringent penalties on certain offenders who repeatedly persist in a pattern of criminal conduct. From the sparse legislative history available, however, we cannot conclusively determine whether the General Assembly sought to subject all individuals who commit multiple offenses to the enhanced penalty or whether it sought to impose the statutory penalty only upon the narrower class of persons who have not responded to the restraining influence of conviction and punishment and thereafter continue to commit criminal acts.

To "discern the Legislature's intent," *id.* at 442, 639 A.2d 675, the *Gargliano* Court looked to its earlier consideration of legislative intent with regard to similar recidivist statutes. *See, e.g., Taylor v. State,* 333 Md. 229, 235–36, 634 A.2d 1322 (1993); *Jones, supra,* 324 Md. at 38, 595 A.2d 463; *Malcolm v.*

**16**

*State,* 314 Md. 221, 234–35, 550 A.2d 670 (1988); *Montone v. State,* 308 Md. 599, 615–16, 521 A.2d 720 (1987); *Hawkins v. State,* 302 Md. 143, 148, 486 A.2d 179 (1985). It reasoned, 334 Md. at 444, 639 A.2d 675 (citations omitted):

> In construing Maryland enhanced penalty statutes similar to § 286(c), we have found that *such statutes were enacted with the purpose of identifying defendants who have not reformed their behavior after prior convictions and incarcerating such defendants for a longer period than would otherwise be applicable* in order to protect the community and deter others from similar behavior. *The means for achieving such deterrence is the provision of fair warning to previous offenders* that if they continue to commit criminal acts after having had the opportunity to reform after one or more prior contacts with the criminal justice system, *they will be imprisoned for a considerably longer period of time than they were subject to as first offenders.* (Emphasis added.)

The Court added that "the plain language of § 286(d) evinced a legislative intent 'that those who received the enhanced punishment had been accorded a fair chance at rehabilitation in the prison system and had not responded.'" *Id.* at 443, 639 A.2d 675 (quoting *Jones,* 324 Md. at 38, 595 A.2d 463). Moreover, recognizing that an enhanced penalty statute is a "highly penal statute," the Court said that it "must be 'strictly construed so that only punishment contemplated by the language of the statute is meted out.'" *Id.* at 437, 639 A.2d 675 (quoting *Dickerson v. State,* 324 Md. 163, 172, 596 A.2d 648 (1991)).

In addition, the Court quoted with approval a Nebraska case that said:

> "Recidivist statutes are enacted in an effort to deter and punish incorrigible offenders.... They are intended to apply to persistent violators who have not responded to the restraining influence of conviction and punishment. It is the *commission* of the second felony *after conviction* for the first, and the *commission* of the third felony *after convic-*

*tion* of the second that is deemed to make the defendant an incorrigible."

*Id.* at 444, 639 A.2d 675 (quoting *State v. Ellis,* 214 Neb. 172, 333 N.W.2d 391, 394 (1983) (emphasis in original)).

The *Gargliano* Court concluded, 334 Md. at 445, 639 A.2d 675:

An enhanced penalty statute will best deter future criminal conduct when the defendant is made aware that the subsequent commission of criminal acts will be more harshly punished. Where, as here, the defendant has not been convicted of an earlier offense, and thereby warned about the enhanced consequences of future criminal conduct, prior to the commission of the principal offense, the imposition of an enhanced penalty is not warranted. We therefore hold that § 286(c) is applicable only if the defendant has been convicted of an earlier offense prior to the commission of the principal offense.[1]

*Stewart, supra,* 368 Md. 26, 791 A.2d 143, also provides guidance. Stewart was convicted of possession and distribution of crack cocaine. *Id.* at 28, 791 A.2d 143. Because it was Stewart's third felony drug conviction, and he had served a term of confinement over 180 days as to one of his prior convictions, the State sought a sentence of a 25 years without parole, pursuant to Article 27, § 286(d). *Id.* at 28–29, 791 A.2d 143. The trial court found that Stewart met the statutory predicates: he had two prior qualifying convictions and had served more than 180 days of incarceration for one of them. *Id.* at 29, 791 A.2d 143. The defense, however, argued that the mandatory 25–year sentence constituted cruel and unusual punishment as applied to Stewart, because it was "grossly disproportionate" to his crime, which involved 3.5 grams of cocaine, worth $150. *Id.* at 29, 791 A.2d 143. The State countered that the trial court lacked discretion to impose any sentence less than the mandatory 25–years set forth in Article 27, § 286(d). *Id.* Agreeing with the defense, the trial court "sentenced Stewart to ten years without parole." *Id.* at 28–29, 791 A.2d 143.

In the Court of Appeals, the State argued that the trial court erred in failing to impose the 25–year term of imprisonment for third-time offenders because, "whenever the statutory requirements are met and notice given, a trial court must impose the sentence prescribed in the mandatory sentencing statute." *Id.* at 30–31, 791 A.2d 143. The Court agreed with the State. *Id.* at 31, 791 A.2d 143.

In rejecting Stewart's argument that his crime was "not serious enough to justify the punishment mandated by § 286(d) because he did not possess or distribute a large amount of drugs," *id.* at 35, 791 A.2d 143, the Court said, *id.* at 35–36, 791 A.2d 143:

> The basic flaw in [Stewart's] argument is his failure to acknowledge that the gravity of this offense is aggravated by the fact that it is a repeat offense.[1] The Legislature has determined that recidivism in the arena of controlled dangerous substances poses a grave danger to society and justifies the imposition of longer sentences, including sentences without possibility of parole.

In a footnote, the Court added: " '[T]he enhanced punishment imposed for the [present] offense is not to be viewed as ... [an] additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.... But we recognize, of course, that [the defendant]'s prior convictions are relevant to the sentencing decision.' " *Id.* at 35 n. 10, 791 A.2d 143 (quoting *Andrade v. Atty. Gen.*, 270 F.3d 743, 759 (9th Cir.2001) (further citations omitted)).

Further, the Court stated: "The Legislature has made it clear that recidivist criminals are to receive harsher punishment than first-time offenders." *Id.* at 37, 791 A.2d 143. Looking to the purpose of § 286(d), the Court said, *id.* at 38, 791 A.2d 143:

> [T]he mandatory sentence under § 286(d) is based on the Legislature's intent to subject recidivist criminals like [Stewart] to enhanced punishment. In *Gargliano,* [334 Md. at 442, 639 A.2d 675], we found that the *"clear import* of the

language used throughout § 286 is that the Legislature sought to impose more stringent penalties on certain offenders who repeatedly persist in a pattern of criminal conduct."

Notably, the Court did not indicate whether Stewart had previously been sentenced as a second-time offender under Article 27, § 286(c). But, the Court determined that Stewart met the statutory criteria for a third-time offender, because he was convicted of felony drug crimes on three separate occasions, and he had "served three and a half years in prison before his most recent conviction." *Id.* at 37, 791 A.2d 143. That assertion suggests that Stewart was never sentenced as a second offender to a 10–year term, without parole.

In *Thomas, supra,* 104 Md.App. 461, 656 A.2d 799, this Court addressed whether the trial court erred in sentencing Thomas to a 10–year, non-parolable term of incarceration pursuant to Article 27, § 286(c) for his third qualifying drug offense. Thomas was convicted of his first felony drug offense in 1992. *Id.* at 469, 656 A.2d 799. In 1993, within weeks of each other, Thomas committed his second and third felony drug violations. *Id.* Upon conviction for the second offense, Thomas was sentenced to the enhanced, mandatory 10–year term of incarceration under § 286(c). *Id.* Upon conviction for his third violation, Thomas was *again* sentenced to the mandatory 10–year term of incarceration under § 286(c). *Id.* (He could not have been sentenced as a third-time offender under § 286(d) because he committed the third offense prior to his conviction for the second offense. *Id.* at 468, 656 A.2d 799.)

On appeal, Thomas argued that the trial court improperly imposed the mandatory 10–year term of incarceration under § 286(c) for his third conviction, claiming it applied "only to a sentence as a 'second offender' and not a third." *Id.* at 469, 656 A.2d 799. After reviewing the legislative history of the subsequent offender statute, and recognizing that, when there is uncertainty as to the Legislature's intent, a penal statute must be construed in favor of the defendant, the Court agreed with Thomas that the 10–year enhanced sentence under

§ 286(c) applied only to "second" offenders. *Id.* at 469–70, 656 A.2d 799. Because Thomas had previously been sentenced to 10 years without parole for his second offense, the Court concluded that "the legislative purpose enunciated in the statute has been fulfilled to the letter." *Id.* at 470, 656 A.2d 799.

Although *Thomas* did not address the issue now before us, the Court reiterated that § 286 is " 'a highly penal statute' " and therefore it "must be 'strictly construed so that only punishment contemplated by the language of the statute is meted out.' " *Id.* at 469, 656 A.2d 799 (quoting *Gargliano, supra,* 334 Md. at 437, 639 A.2d 675). Moreover, in rejecting the trial court's imposition of a *second* 10–year enhancement for a third time drug offender, we recognized that, in enacting § 286, the Legislature created a *"structured approach* of increasing mandatory sentences for a second, third, and fourth conviction." *Id.* at 470, 656 A.2d 799 (emphasis added). Thus, *Thomas* seems to lend some credence to appellant's contention that, because he was not sentenced to the mandatory 10 years incarceration under § 286(c), he could not be sentenced to the mandatory 25–years under § 286(d); to do so would ignore the graduated enhanced sentencing scheme crafted by the Legislature for repeat offenders.

Twelve years later, however, in *Taylor, supra,* 175 Md.App. 153, 926 A.2d 805, this Court held that the trial court erred in *failing* to impose the mandatory 10–year sentence under C.L. § 5–608(b) (formerly § 286(c)) for second offenders, where a third-time offender did not qualify for the mandatory 25–year term of incarceration for third-time offenders under C.L. § 5–608(c) (formerly § 286(d)). Taylor committed his first felony drug offense in October 2003 and his second offense in February 2004. *Id.* at 165 n. 4, 926 A.2d 805. He was convicted of both offenses on the same day in August 2004, and sentenced to concurrent, 7–year terms of incarceration, all but six months suspended. *Id.* at 164, 926 A.2d 805. (Taylor could not have been sentenced as a two-time offender pursuant to § 5–608(b) for the second conviction because he had not been

convicted of the first offense at the time he committed the second offense. *Id.* at 165 n. 4, 926 A.2d 805)

In November 2004, Taylor committed his third felony drug violation and was subsequently convicted of two counts of possession and two counts of possession with intent to distribute. *Id.* at 157–58, 926 A.2d 805. The State filed the requisite notice of its intent to seek a mandatory 10–year penalty against Taylor under C.L. § 5–608(b). *Id.* at 164, 926 A.2d 805. *See* Md. Rule 4–245(c). Relying on *Thomas*, however, Taylor argued that he did not qualify for the second-offender enhancement because it was his third conviction. Further, he asserted that he could not be sentenced to the mandatory 25–years as a third-time offender because he had not served at least 180 days in the Department of Corrections for a prior qualifying conviction. *Id.* at 165, 926 A.2d 805. The trial court agreed with Taylor and after merging the lesser offenses, sentenced him to two concurrent terms of 12 years imprisonment. *Id.* at 158, 166, 926 A.2d 805.

On appeal, the State argued that the trial court's interpretation of the second offender provision was too narrow, arguing that it should not be read to apply only to those persons who have previously been convicted "once *and only once*."[8] *Id.* at 166, 926 A.2d 805. This Court agreed. *Id.* Writing for this Court, Judge Adkins held that "a subsequent offender who has not served the requisite 180 days on his second drug crime conviction to qualify for the 25 year minimum sentence for third offenses, but who has not previously been sentenced to the 10–year minimum sentence for second offenses, should be sentenced as a subsequent offender under [ ] § 5–608(b)." *Id.* at 157, 926 A.2d 805. The Court clarified that "[o]ur holding

---

8. In 2002, Article 27, § 286 was recodified in the newly enacted Criminal Law Article. *See* 2002 Md. Laws, ch. 26. In the recodification of § 286(c), the word "once" was added to the end of the qualifying proviso, resulting in the current version mandating a minimum 10–year sentence "if the person previously has been convicted once" of specified drug violations. *See* C.L. § 5–608(b) (emphasis added). The Revisor's Note states, however, that it is "new language derived without substantive change from former Art. 27, (b)(1) and, as they related to narcotic drugs, (c), (d), and (e)."

in *Thomas* applies only when there has already been a second offender sentencing enhancement, and does not preclude second offender enhancement when no enhancement has [previously] been imposed." *Id.* at 172, 926 A.2d 805. We added: "Read in context, our decision [in *Thomas* ] merely upholds the legislative scheme of tiered sentencing enhancements so that a defendant cannot receive second offender enhancements *for both a second conviction and a third conviction.*" *Id.* (emphasis in Taylor). In Taylor's circumstances the Court determined that "the imposition of a second offender enhancement is the *only* result that is consistent with the legislature's intent to increase mandatory penalties for repeat offenders." *Id.* at 175, 926 A.2d 805 (emphasis in Taylor). *See also State v. Polley,* 97 Md.App. 192, 199, 627 A.2d 562 (1993) (concluding that the Legislature's intent with regard to § 286(d) was to enhance the penalty because "a defendant has committed another offense *after* having served an extended period of incarceration, thereby showing that the defendant has failed to take advantage of the opportunity to reform his or her conduct").

In essence, appellant is asking us to read into the statute a sequential requirement when applying the sentencing enhancement penalties, by which a mandatory 10–year enhanced sentence must be imposed for a second offender *before* a 25–year enhanced sentence may be imposed upon a third offender, and so on. Under appellant's interpretation, a third-time offender could be sentenced to a 25–year enhancement *only* if he had previously been sentenced to a 10–year enhancement as a second-time offender.

■ We acknowledge that appellant's construction of § 286 is arguably consistent with the spirit of *Gargliano* and *Thomas.* As we construe appellant's brief, he suggests that, if a prior conviction must precede the commission of a principal offense for which enhancement is sought, arguably an enhanced penalty as a third-time offender is warranted only if the defendant was previously sentenced as a second-time offender. In *Gargliano,* the Court recognized that enhanced

penalties are meant to impose increasingly stringent punishments " 'upon one who proves, by a second or third conviction, that the former punishment has been ineffacious [sic] in doing the work of reform for which it was designed.' " *Gargliano,* 334 Md. at 444, 639 A.2d 675 (quoting *Moore v. Missouri,* 159 U.S. 673, 677, 16 S.Ct. 179, 40 L.Ed. 301 (1895)). The Court underscored that the "means" to achieve deterrence derives from "the provision of fair warning" that comes from the sequential imposition of enhanced penalties upon recidivists. Appellant was never sentenced as a second offender, and thus did not receive the harsh penalty for a second offender that was intended to deter future criminal conduct as a third-time offender.

However, *Taylor* suggests that there are situations in which it would be error to construe the statute too narrowly. In our view, appellant's interpretation is too narrow.

As we have seen, the plain text of Article 27, § 286(d) articulated the conditions requisite to application of the enhanced penalty. Again, Article 27, § 286(d) provided, in part:

(1) A person who is convicted under subsection (b)(1) . . . of this section . . . shall be sentenced to imprisonment for the term allowed by law, but, in any event, not less than 25 years . . . if the person previously:

(i) **Has served at least 1 term of confinement of at least 180 days** in a correctional institution as a result of a conviction of a previous violation of this section or § 286A of this article; and

(ii) **Has been convicted twice,** where the convictions do not arise from a single incident. . . . (Emphasis added.)

Based on the express statutory terms, in order for § 286(d) to apply, a defendant must have "been convicted twice" of a qualifying drug offense, where the convictions "do not arise from a single incident," and must have served at least one term of confinement of at least 180 days. Appellant has two prior qualifying drug convictions; the prior offenses did not arise from a single incident; and he served the requisite period of confinement. If the Legislature had intended to

make a 10–year sentencing enhancement a prerequisite for the 25–year enhancement, it would have expressly required a previous term of confinement of 10 years (or something close to it), rather than a mere 180 days which is significantly less.

Given that the plain text of Article 27, § 286(d) does not require imposition of a mandatory 10 year sentence as a predicate to a 25–year sentence, it is not our prerogative to "add words [to a statute] or ignore those that are there." *Downes v. Downes*, 388 Md. 561, 571, 880 A.2d 343 (2005). Nor is it within our province to rewrite the statute. *McGlone v. State*, 406 Md. 545, 559, 959 A.2d 1191 (2008) ("We interpret the words enacted by the Maryland General Assembly; we do not rewrite the language of a statute to add a new meaning."). Moreover, when we look to the statutory scheme as a whole, as well as its purpose, we are satisfied that appellant was clearly afforded the opportunity to reform that the Legislature intended, and which the Court of Appeals has recognized as integral to the statutory scheme.

Appellant's position is also at odds with common sense, which we must apply when we construe a statute. There may well be occasions when a prosecutor fails to file a timely or adequate notice; fails to prove the predicates; or the circuit court determines, perhaps erroneously, that the statutory enhancement criteria were not met to justify imposition of an enhanced penalty. If we were to adopt appellant's position, it would mean that a defendant later charged with another qualifying offense could continue to circumvent application of the statute, merely because of a windfall that enabled him to avoid a mandatory penalty on an earlier occasion.

When appellant committed the underlying crime, it was at least his third offense, and it occurred after he had served the requisite period of incarceration. Sentencing appellant as the third-time offender that he is fulfills the Legislature's intent of punishing more harshly recidivist felony drug offenders. We are mindful of what the Court said in *Collins v. State*, 383 Md. 684, 692, 861 A.2d 727 (2004), albeit in the context of a drug felon in possession of a firearm under Article 27, § 293:

"[R]epeat offenders may be more morally blameworthy than first-time offenders, and hence deserve a stronger measure of retribution."

**JUDGMENT OF THE CIRCUIT COURT FOR WASHINGTON COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**